**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSHUA LAMONT SUTTON, (next
friend of Joe Gonzalez, deceased),

    Plaintiff - Appellant,

v.

JANE DOE 1; JOHN DOE; JANE DOE 2,

    Defendants - Appellees.

No. 18-1213
(D.C. No. 1:18-CV-00520-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Joshua Sutton appeals the district court's dismissal of his action for lack of

standing.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Sutton alleges that staff at the Buena Vista Correctional Facility ignored

medical complaints about a fellow inmate, Joe Gonzalez.  Gonzalez subsequently

died as a result of a blood clot.  Sutton brought a civil rights action as the "next

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

friend" of Gonzalez, alleging that defendants violated Gonzalez's Eighth Amendment rights.

A magistrate judge issued an order directing Sutton to show cause within thirty days why the action should not be dismissed for lack of standing. Sutton did not respond to the order, although he did file a motion for an extension of time after his response deadline had passed. The district court dismissed without prejudice for lack of standing. Sutton now appeals.

**II**

We review the district court's dismissal for lack of standing de novo. Roe No. 2 v. Ogden, 253 F.3d 1225, 1228 (10th Cir. 2001). Because Sutton is pro se, we construe his filings liberally but stop short of acting as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Article III requires that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). To establish standing, a plaintiff must allege, among other things, "an injury to himself that is distinct and palpable." Id. at 155 (quotation omitted). We agree with the district court that Sutton's complaint does not identify any injury that he personally suffered. Under certain limited circumstances, a "next friend" can pursue an action on behalf of another. Id. at 162. However, pro se litigants, as Sutton is in this case, may not bring "next friend" suits. Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986).

2

On appeal, Sutton argues that the district court erred by dismissing the action without ruling on his motion for an extension of time. However, he fails to identify any substantive argument he might have raised if granted an extension. Because we agree with the district court that Sutton's case must be dismissed for lack of standing, any error would be harmless. See Colo. Outfitters Ass'n v. Hickenlooper, 823 F.3d 537, 553 (10th Cir. 2016).

## III

For the foregoing reasons, the district court's order of dismissal is **AFFIRMED**. Sutton's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

3